HEMPSTONE (CLARKE v.). See Case No. 2,853.

---

## Case No. 6,348.

### HENCKLEY v. HENDRICKSON et al.

[5 McLean, 170.][1]

Circuit Court, D. Ohio. Oct. Term, 1850.

CONTRACT—FRAUD—PRICE—TRIAL—SURPRISE.

1. Fraud is not to be presumed, though it may be proved by circumstances.

2. To disaffirm a contract, the property must be returned, if practicable.

[Cited in Mallory v. Leach, 35 Vt. 172.]

3. Notes being misdescribed in the declaration, the plaintiff may recover on his general counts. In such case he can only recover the value of the property, in the market.

4. When there is no unfairness, the price agreed upon, though extravagant, must be paid.

5. The value of the thing in the market is the rule, no price being fixed.

[Cited in Trunkey v. Hedstrom, 131 Ill. 205, 23 N. E. 587.]

6. Letters of one of the defendants being read on the trial, is no ground for surprise, for which a new trial can be granted.

[This was an action by Samuel R. Henckley against William H. Hendrickson and

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Campbell for damages for breach of contract.]

Mr. Mills, for plaintiff.

Stanbery & Campbell, for defendants.

OPINION OF THE COURT. This suit is founded on the sale of a certain stock of hogs represented to have been imported, and which were sold to the defendants at high prices; one rated at one thousand dollars, another at five hundred dollars. Notes were given for the purchase, on a part of which this suit is brought, amounting to twenty-one hundred dollars. The notes were proved on the trial, before the jury. But they having been misdescribed in the declaration, were objected to, when offered in evidence, and the court sustained the objection. The plaintiff then proceeded on his general counts. The sale was made by Anthony B. Allen, the agent of the plaintiff, to the defendants. In the defence, fraud was alleged, and that the hogs were of little value; some one or two of them, for which a high price was paid, were of no value. One of the witnesses stated that he could have purchased as good a stock for thirty dollars per head. Proof was offered of the representations of the value of the hogs by the agent, at the time of the sale, to which an objection was made; but the court permitted so far as the representations were made by the agent, at the time of the sale, as a part of the res gestae. Several depositions were taken under a notice in pursuance of the statute of the state, at the taking of which the counsel on both sides were present. The plaintiff's counsel left before the last witness was examined, with the understanding that the witness would only be examined on the same points on which the other witnesses testified. But the examination was on other points. The court held, on objection being made, that the deposition could be read only as taken by consent, to obviate the expense of bringing the witnesses to court; but that the latter part of the deposition objected to, could not be read, except by consent of the parties; consent being given, the whole deposition was read. Allen's deposition being read, proved his agency, and that he purchased the hogs with the money of the plaintiff, in England. The notes given were transferred to the plaintiff.

The court instructed the jury that fraud could not be presumed, but that it might be proved by circumstances. That to disaffirm the contract, it was necessary for the defendants to return the property to the vendor, or offer to return it. But where this is not done, and fraud exists, the plaintiff can only recover what the property is worth. The prices appeared to be extravagant, but it was for the jury to say what was the value of the stock, as it was generally estimated in the country. That the true inquiry was, what was the stock really worth in the market. It appears that about this time an extravagant estimate was placed upon this description of stock, and from the letters of one of the defendants read in evidence, his estimate of the value of the property, some time after the purchase, was at least equal to the price he agreed to pay, and that he contemplated a large profit from the contract. The estimate is very different now from what it was then. And it will be for the jury to inquire whether the agent of the plaintiff conduced in any degree, by false representations of the value of the stock, to mislead the defendants. Where no fraud or misrepresentation has been used in the sale of an article, the price agreed upon must be paid, if no unfair means were resorted to, to produce such a result.

The jury returned a verdict for the plaintiff. A motion for a new trial was made on several grounds; among others, that the defendants were surprised at the introduction of the letters of the defendants, speaking of the hogs as of great value, and recommending them to others, &c. But the court overruled the motion, on the ground that there could be no surprise from the letters written by one of the defendants. And that the verdict could not be said to be against the evidence. Judgment on the verdict.

[The defendants subsequently filed a bill in equity seeking relief from this judgment. The bill was dismissed. Case No. 6,357. And, upon appeal by the complainant to the supreme court, the decree dismissing the bill was affirmed. 17 How. (58 U. S.) 443.]